Representative Dunegan has asked me to respond to your letter requesting information on the Oklahoma Embezzlement Statutes. As you may or may not know, the Attorney General functions as the legal advisor to the State, the Legislature, and various State boards, agencies and commissions. As such, we are simply not authorized to give legal advise to private citizens. However, I will attempt to address your questions to the extent I am allowed.
You first asked what facts are necessary to constitute embezzlement. Embezzlement is defined generally in 21 O.S. 1451 as the fraudulent appropriation of property by a person to whom it has been entrusted. Sections 1452 — 1456 specifically define embezzlement depending upon the status of the embezzler, i.e. officer of a corporation, carrier, trustee, bailee, or clerk or servant. You have also referenced embezzlement of trust funds under 42 O.S. 152/42 O.S. 153, which pertain to embezzlement in the mechanics and materialmen lien context. Whether the circumstances in a given situation constitute embezzlement under any of these statutory provisions is a question of fact which cannot be answered by our office.
The responsibility for prosecuting embezzlement charges falls upon the district attorney as enumerated in 19 O.S. 215.4 (1992). The Attorney General cannot act on behalf of an individual or corporation, and, as set forth in 74 O.S. 18b(a), may prosecute or defend actions only when the State is an interested party.
Any particular situation involving federal laws or federal agencies must be handled by the federal agency involved in this instance the Small Business Administration. You may also wish to contact the U.S. Attorney's Office regarding your questions.
I hope this information has been helpful to you. If you need additional information on this matter, you may wish to conduct a private attorney.
(Judy Terry)